IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | 00-C-2099-W |
| $ 53,000.00 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | 00-C-2101-W |
| $ 9,901.00 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTERED MAR 3 1 2004**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

I. Findings of Fact

Based on the Agreed Facts and the evidence submitted by the parties, the Court hereby makes the Following Findings of Fact.

1. On September 7, 1999, and Alabama State Trooper conducted a traffic stop of the

Page 1

36

car in which Nellie Patton, Earl Lamont Kirby, and other individuals were traveling on Interstate 59 South near Tuscaloosa, Alabama.

2. Nellie Patton and the other individuals were en route from their homes in Anniston, Alabama, to the Silver Star Casino in Philadelphia, Mississippi.

3. Nellie Patton and the others consented to a search of the vehicle by the State Trooper. The search disclosed $53,000.00 in United States currency in a bag in the back seat of the vehicle. Another $ 4,177.00 was discovered on the person of Earl Kirby. No drugs were found in the car.

4. The funds seized pursuant to the consent vehicular search of September 7 form the basis of the forfeiture action styled, *United States v. $53,000.00 In United States Currency,* CV 00-C- 2099-W.

5. On September 22, 1999, a federal search warrant was executed by agents of the Drug Enforcement Administration ("DEA") and the Alabama Drug Task Force ("ADTF") at the residence of Nellie Patton, located at 300 Glenaddie Avenue, Anniston, Alabama. The agents seized $9,901 in United States currency, pursuant to the search warrant. No drugs were found on the premises.

6. The funds seized on September 22, 1999, pursuant to the federal search warrant form the basis of the forfeiture action styled, *United States v. $ 9,901 in United States Currency,* CV 00-C- 2102-W.

7. Nellie Patton was subsequently indicted, tried, and convicted of conspiracy to

possess and possession and sale of more than fifty grams of crack cocaine. Because of her prior convictions, she was initially sentenced to life imprisonment, She appealed to the Eleventh Circuit Court of Appeals, where her conviction on two of the three counts were upheld. Her conviction on the third count was reversed. On remand to this Court, she now awaits re-sentencing.

8. The drug crimes for which Nellie Patton has been convicted span the period January 1999 through May 23, 2000.

9. Nellie Patton was not a "drug kingpin" in the Anniston area. Her network of co-conspirators consisted mainly her family members and a few friends.

10. Nellie Patton is a professional gambler.

11. As early as 1996, Nellie Patton had declared to the Internal Revenue Service that she is a professional gambler. In that year, her gross receipts from gambling at the Silver Star Casino were $ 533,084. She incurred gambling-related expenses of $390,576.00 and an adjusted gross income of $ 131,029.00

12. For the tax year 1998, Nellie Patton reported to the IRS, and the Silver Star Casino confirmed, gambling receipts of $ 438,549.00.

13. In the days preceding the consent vehicular search of September 7, 1999, Nellie Patton had literally "won the lottery," albeit a small one, at the Silver Star Casino. On September 3, she had gross winnings of $105,700.00. The very next day, her gross winnings were $149,100.00. On September 5, her total gross winnings were $40,850.00.

14. The $ 53,000.00 confiscated on September 7, 1999, were proceeds from Nellie Patton's gambling winnings of nearly $300,000 in the preceding four days.

15. On September 11, 1999, Nellie Patton's gambling winnings were $ 4, 200.00

16. The $ 9,901.00 confiscated from Nellie Patton's residence on September 22 represented proceeds from her gambling activities.

17. Nellie Patton's gross receipts from gambling for the tax year 1999 were $ 389,086.00.

18. Nellie Patton's gross receipts from gambling for the tax year 2000 were $ 233,600.00.

## II. Conclusions of Law

Driven by the preceding Findings of Fact, the Court concludes as a matter of law that

1. The seized funds are neither drug proceeds nor traceable, in any way, to drug proceeds.

2. The seized funds were acquired by Claimant Nellie Patton from the Silver Star Casino in Philadelphia, Mississippi, in her occupation as a professional gambler. The acquisition of these funds was completely lawful.

3. The seized funds are the lawful property of Claimant Nellie Patton.

*United States of America v. Currency*
CV 00-C-2099-W; 00-C-2101-W
Findings of Fact and Conclusions of Law
Page 5 of 5

  By separate orders, judgment shall be entered in favor of Claimant Nellie Patton.

  Done this   27th   day of March, 2003.

                   /s/ U.W. Clemon
                Chief United States District Judge
                   U.W. Clemon